```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
UNITED STATES OF AMERICA,

          - against -                          MEMORANDUM AND ORDER

RAFAEL CASIMIRO,                                 S1 09 CR 497 (NRB)

                    Defendant.
------------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Rafael Casimiro ("Casimiro") was charged in a one-count superseding indictment with conspiring with others to distribute and to possess with the intent to distribute 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846.  Pending before us is the Government's motion in limine, in which the Government seeks to admit certain evidence at trial either as direct evidence of Casimiro's guilt or as evidence of Casimiro's knowledge and intent under Rule 404(b) of the Federal Rules of Evidence ("Rules").

For the reasons stated herein, we grant the Government's motion in part.

## BACKGROUND

On June 27, 2011, the Government filed a motion in limine to admit four categories of evidence: (1) evidence that Casimiro

engaged in cocaine transactions with a cooperating witness ("CW") on multiple occasions from 2005 through 2009; (2) evidence that Casimiro engaged in small-quantity marijuana transactions with CW on multiple occasions from 2003 through 2009; (3) evidence that Casimiro purchased a small quantity of steroids from CW on two occasions in or about 2005; and (4) evidence that in 2005 or 2006, Casimiro showed CW a hidden compartment in his car used to store narcotics.

On July 5, 2011, defense counsel submitted a letter brief in opposition to the Government's motion.  Thereafter, the Court scheduled oral argument to address the issues raised in the parties' submissions.  The central purpose of the oral argument, which was held on July 7, 2011, was to ascertain the nature of Casimiro's defense because the admissibility of the above-mentioned categories of evidence turns, in part, on the nature of the defense.

At oral argument, defense counsel clarified that Casmiro's defense would focus on attacking the credibility of the Government's witnesses, including the credibility of CW. Defense counsel also made clear that Casimiro would not deny that he was present the location of the narcotics transaction that was charged in the superseding indictment.

Following the oral argument, the Government submitted a supplemental letter submission further addressing the issues raised earlier in the day and the defense responded thereto.

## DISCUSSION

It is well-settled that other act evidence may be admitted under Rule 404(b) if: (1) evidence is offered for a proper purpose, namely, a purpose other than to prove the defendant's bad character or criminal propensity; (2) the evidence is relevant to an issue in the case; and (3) the evidence satisfies the probative-prejudice balancing test of Rule 403.  See United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993) United States v. Colon, 880 F.2d 650, 656 (2d Cir. 1989).  "[I]f requested to do so, the court must give an appropriate limiting instruction to the jury."  Colon, 880 F.2d at 656.

It is clear that other act evidence is offered for a proper purpose if introduced to show a defendant's knowledge or intent. See Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ."); see also Colon, 880 F.2d at 656 ("Examples of such proper purposes include those listed specifically in Rule 404(b), among these being intent.").

It is likewise clear that the assertion of a "mere presence" defense opens the door to other act evidence because such a defense makes the defendant's knowledge and intent central issues in the case. See, e.g., United States v. Gadsden, 300 F. App'x 108, 110 (2d Cir. 2008) ("Testimony about prior drug sales may be used to establish 'knowledge' and 'intent' where the defendant repeatedly raises a 'mere presence' defense, as that defense fails to make a "statement to the court of sufficient clarity to indicate that the issue[s] [of knowledge or intent] will not be disputed.") (quoting Colon, 880 F.2d at 659); United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994) ("Where, for example, the defendant does not deny that he was present during a narcotics transaction but simply denies wrongdoing, evidence of other arguably similar narcotics involvement may, in appropriate circumstances, be admitted to show knowledge or intent."); United States v. Bruno, 873 F.2d 555, 561-62 (2d Cir. 1989) ("The government was entitled to prove Bruno's intent pursuant to Fed. R. Evid. 404(b) because he had placed his intent in issue by claiming that he was 'merely present' during the drug transaction."). Here, Casimiro does not challenge his presence at the scene of the drug transaction nor has defense counsel stipulated or otherwise stated with sufficient clarity that Casimiro's intent will not be an issue at trial. Colon, 880 F.2d at 656-59. Accordingly,

4

evidence of similar narcotics transactions may be used to challenge Casimiro's defense that there is an innocent explanation for his presence at the scene.

More importantly, this conclusion is not altered by defense counsel's assertion that Casimiro's defense will be grounded in attacking the credibility of the Government's witnesses. As the Second Circuit squarely held in <u>United States v. Tarricone</u>, such a defense does not remove the issue of knowledge or intent from the case. 996 F.2d 1414, 1422 (2d Cir. 1993). Specifically, as the Second Circuit reasoned:

> We find no abuse of discretion in the district court's decision to admit the testimony. A statement to the jury that the government's witnesses will be shown to be untruthful is simply not a sufficient commitment that the defendant removes the issue of knowledge or intent from the case. We emphatically disagree with [defendant's] theory that a defense depending exclusively on attacking the credibility of the government's witnesses is the functional equivalent of a defense that the defendant did not commit the charged acts. An attack on the credibility of the government's witnesses is essentially a claim that the government has not met its burden of proof, a proposition quite different from either a claim of innocence or a concession that the government need not prove the defendant's knowledge and intent.

<u>Id.</u>

Having set forth the governing law, which clearly permits the admission of other act evidence in this context, we

5

nonetheless need to evaluate the specific proffered evidence for relevancy and for unfair prejudice. Turning to the first category of evidence, we conclude that the prior cocaine transactions with CW have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Additionally, we conclude that probative value of the evidence outweighs the risk of unfair prejudice because it does not "involve conduct any more sensational or disturbing than the crimes with which [Casimiro] was charged." See United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990); see also United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992).

With respect to the second and third categories of evidence, we conclude that the evidence of marijuana and steroid transactions is not sufficiently relevant to an issue in this case; there is a clear disparity between the crime charged and the nature of the controlled substances and the quantity of the controlled substances that the Government now seeks to admit. See Aminy, 15 F.3d 258, 260

Finally, with respect to the fourth category of evidence, we conclude that the probative value of the act is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Casimiro allegedly revealed the hidden compartment in his

vehicle in or around 2005 or 2006, and the lack of temporal proximity between the alleged act and the conduct charged in the indictment renders the probative value limited in comparison to its tendency to provoke an emotional response from the jury.

Accordingly, we grant the Government's motion in limine to the extent that we permit the Government to offer evidence at trial of cocaine transactions from about 2005 through 2009 involving both CW and Casimiro.  Because it is apparent that evidence of Casimiro's knowledge and intent will be in dispute, we permit the Government to introduce such evidence during its case-in-chief.[1]  See Zackson, 12 F.3d at 1183;  Pitre, 960 F.2d at 1120.

## CONCLUSION

For the foregoing reasons, the motion (docket no. 55) is granted in part.

Dated:   New York, New York
         July 8, 2011

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[1] In so ruling, we make clear that we do not find any of the proposed categories of evidence to be direct evidence of the charged conspiracy, which the superseding indictment limits "to at least in or about April 2009."

7

Copies of the foregoing Order have been mailed and sent via facsimile on this date to the following:

**Attorneys for Government**
Edward Y. Kim
Nicholas J. Lewin
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY 10007

**Attorney for Defendant**
David E. Levine, Esq.
186 Joralemon Street
Brooklyn, NY 11201